Roller *v.* Bachman.

5L 153
7L 457
8L 94
4pi 671

## MARTIN ROLLER *v.* N. W. BACHMAN.

1. CHARGE OF COURT. *Construction.* When the whole of a clause of the judge's charge on a particular point is correct, error cannot be assigned on a line or two of that clause, which would be incorrect if separated from its context.

2. SAME. *Same.* Nor is the inaccurate use of language a ground of error, where the context plainly discloses a correct meaning, especially if the supposed error turns upon doubtful chirography.

Roller *v.* Bachman.

3. STATUTE OF LIMITATIONS. *New promise.* The new promise which will revive a debt may be made to a third person, provided the party making the promise intended that it should reach the ears and influence the course of the creditor.

4. CHARGE OF COURT. *Statute of limitations. Moral aspect.* It is not error, after charging that the plea of the statute of limitations is, if made out, a valid, complete and lawful defense to an action, to add, without more: "With the moral aspect of the plea, the court and jury have nothing to do."

5. PRACTICE. *Charge of the court. Specific instructions.* Although a party may at the commencement of the trial, after asking the judge to charge the jury in writing, hand to the judge specific instructions which he desires to have embodied in the charge, he cannot assign as error the omission of the judge to include some of those instructions in the charge, unless his attention be called to the omission after the charge has been delivered, and he be then requested to give them in the charge.

6. SAME. *New trial. Affidavits of jurors.* Upon a motion for a new trial, the affidavits of jurors that they misunderstood the charge and mistook the facts introduced in evidence are inadmissible; as where they say, contrary to the truth, that the court instructed them that the sole question before the jury was whether the cause of action was barred by the statute of limitations, and upon a calculation of the time by one of the jurors, he announced that the time had not run, when in fact it had.

---

FROM GREENE.

---

Appeal in error from the Circuit Court of Greene county.   J. A. McKINNEY, J.

C. R. VANCE for Roller.

H. H. INGERSOLL and ROBINSON & MALONEY for Bachman.

COOPER, J., delivered the opinion of the court.

Action upon a note by Bachman against Roller, the defense being the statute of limitations, and the

Roller *v.* Bachman.

reply a new promise within the time of the bar, upon.
which issue was joined.    The verdict and judgment
were in favor of the plaintiff below, and the defend-
ant appealed in error.    The evidence, as embodied in
the bill of exceptions, is sufficient to sustain the ver--
dict upon the ground of a new promise in time.

The first error relied on is taken to the charge
of the judge to the jury.    His Honor commences his
charge thus:    "This is an action of debt upon a
note.    The defendant does not · deny the execution of
the note, but relies upon a plea of the statute of lim-
itations of six years.    To this plea the plaintiff says
in reply, that within six years before the bringing of
his action the defendant recognized plaintiff's claim as
still subsisting and unpaid, and promised to pay the
same.    The defendant, in rejoinder, says that he did
not, within six years before the bringing of the suit,
promise to pay the debt in manner and form as set
forth in plaintiff's replication, and upon this issue is
taken; so that the sole question before you as a jury
is, was the note barred by the statute of limitations.
of six years."    The objection is to the last line of
the clause—that the sole question is, was the note
barred.    And it is correctly argued that the issue
was not on the- bar of the statute, but upon the new
promise.    The language of his Honor is somewhat in-
accurate, and subject, perhaps, to hypercriticism.    His
meaning, however, is plain enough and unexceptionable
when the whole clause is taken together.    He calls
the attention of the jury to the pleadings and the
issue joined, which, he correctly tells them, is upon

the new promise, and adds, intending to repeat the idea in another form, the sole question is upon the bar of the statute. He did not mean, of course, that the question is whether the statute has run, for that would be in direct conflict with what he has just said, but whether the note, that is, the action on the note, is barred. All of our cases agree, as we have held at the present term, that it is the old cause of action which is revived by the new promise, and the suit is upon that cause, not the new promise. *Miller* v. *McKinney*, MS. The language of a charge must be taken together, not torn from its context, and construed with a view to the general intention if possible, where it is obvious that there was no design to be inconsistent. The clause in controversy, when thus construed, is plain, unambiguous, and free from exception.

Another error assigned upon the charge is even more hypercritical than the one we have considered, for it turns rather upon the uncertainty of his Honor's chirography than upon any doubt as to his meaning. "If," says his Honor, "a preponderance of the evidence satisfies you that six years, not including the time from the 6th of May, 1861, to the 1st of January, 1867 (during which period the statute was suspended), had elapsed from the time the note was due till suit was brought, without any acknowledgment of the debt, *an* unqualified expression of a promise to pay, or a willingness to pay the same, then the suit will be barred." The objection is, that the word before unqualified is "or," and literally the language

would then imply that an acknowledgment of the debt alone would be sufficient to revive a debt, whereas it requires both an acknowledgment and the expression of a willingness to pay. Upon a suggestion of a diminution in the record, and *certiorari* at a former term, his Honor's charge, in his own handwriting, was sent up, and is appended to the record. Upon examination, and a comparison of the hieroglyphics in controversy with the same signs in other parts of the charge, it is plain that they were intended to stand for "an," not "or." In this view, the error assigned does not exist. But even if the word was plainly "or," the language would, as in the previous instance, be inaccurate, while the sense was plain. It would mean that with an acknowledgment of the debt there must be either an unqualified expression of a promise to pay, or a willingness to pay the same. And his Honor repeats the charge to this effect, with an unexceptionable use of language, two or three times in the succeeding paragraph of his charge, so as to leave not a particle of doubt of his meaning in this place.

Another objection is taken to the charge, where his Honor tells the jury that the new promise may be made to the creditor, to his agent, "or to a third party, provided that the party making the promise intended that such promise should reach the ears and influence the course of the person to whom the note was payable." But this language is in strict accord with the law as laid down by this court when the present case was before it on a previous occasion. *Bachman* v. *Roller*, 1 Leg. Rep., 336.

His Honor said to the jury: "The plea of the statute of limitations, if made out, is a valid, complete and lawful defense to an action. With the moral aspect of the plea, the court and jury have nothing to do." The objection made to this part of the charge is, not that it is incorrect, but that it does not dwell upon the modern inclination of the courts to favor the statute as a statute of repose. All the defendant could rightfully ask was a declaration of the law, that the statute was a good defense. This court cannot undertake to dictate the language in which the trial court shall declare the law.

After the jury were sworn, the defendant requested the court to give his charge to the jury in writing, and handed him certain instructions to be given in the charge. These instructions consisted of about fourteen propositions, of which four, it is said, were not included in the charge. The bill of exceptions does not show any action of the court upon any of these propositions, nor that the court was specially requested to charge any one of them. There can be no objection to the counsel of the parties, if they see proper so to do, furnishing written statements of their views of the law of the case in advance as suggestions to the judge in framing his charge. But it is obvious that such statements, made in advance of the introduction of the testimony, can only be treated as mere suggestions, for the result of the trial may render any or all of them inapplicable. The proper time to ask for specific charges is after the court has charged the jury. *Williams* v. *Miller*, 2 Lea, 400, 413. For the

court is not bound to embody the suggestions of counsel in the exact language in which they are submitted. And if no request is made for specific charges after the general charge has been delivered, the presumption is that the charge is satisfactory to the parties. The judge cannot be put in error merely because he has omitted a few of a long list of propositions submitted in advance of the trial, unless his attention is called, after the delivery of the charge, to the omissions, and he is requested to give the specific propositions in charge.

Upon the motion for a new trial, the defendant produced the affidavits of three of the jurors who tried the case, to the effect, that when they retired the charge of the court was read, and they found that it instructed them that the sole question before the jury is, was the note barred by the statute of limitations of six years; that it was then referred to one of the jury to make the calculation, and he reported that the time of limitation had not run out; that affiants gave their verdict on the faith of this statement, when, in fact the time had run out by more than six months. In other words, these witnesses say they misunderstood the charge and mistook the facts.

In this State, contrary to the great weight of authority in England and America, jurors have been permitted, principally in criminal cases, to make affidavits impeaching their verdicts, upon motions for a new trial. But it may be said now, as was said many years ago, that no case has occurred where a new trial has been granted on the ground that a juror

has rendered his verdict upon a mistaken opinion of the law or the facts. If a juror's affidavit stating his opinion of the law as the judge had expounded it, or the facts as he understood them, were to be held sufficient to set aside a verdict, provided it should turn out that he was mistaken in any particular, scarcely any verdict could stand. *Norris* v. *State,* 3 Hum., 338. "We have said," is the language of Turley, J., in another case, "that they (the affidavits of jurors) shall not be received to show that the jury refused to obey the charge of the court, and we now say that they shall not be received for the purpose of showing that the charge was misunderstood. Few verdicts would stand if this were the test. It is sufficient if the charge be correct. If the verdict, from misapprehension, be found either against the law of the case or the weight of testimony, the evil can be easily remedied by a new trial, without affidavit; and if it be against neither one nor the other, there is no remedy required, and no necessity for investigating the secret operations of the minds of the jurors in arriving at the verdict." *Saunders* v. *Fuller,* 4 Hum., 518. In *Dunnaway* v. *Sharon,* 3 Baxt., 206, the court refused to disturb the verdict, although the entire jury made affidavit that they had based their verdict upon a certain state of facts not in issue, nor in proof, and upon which the court had given them no instructions. And see *Fish* v. *Cantrell,* 2 Heis., 578; *Wade* v. *Ordway,* 1 Baxt., 229; *Lewis* v. *Moses,* 6 Cold., 193.

We see no reason for departing from the sound and salutary law of these decisions.

There is no error in the record, and the judgment must be affirmed with costs.